The Court

observed that the facts presented a novel question. But it was very clear that, after the plaintiff had delivered the chattels he had attached to the defendant, taking her receipt and engagement to be responsible for them upon his demand, they could no anger be considered as in the constructive possession of the plaintiff as constable. The second attachment was therefore void, since neither the officer nor his servant had, at that time, the possession of the chattels supposed to be attached. There is no doubt that an officer, having attached goods and chattels, or other estate, by virtue of one original writ, *may return a second attachment of the same property, so long as he has either the actual or constructive possession thereof, upon another original writ, whether at the suit of the same plaintiff or of another, (a) But here the goods were wholly out of the officer’s possession, and in the possession of the debtor, when the second writ came to his .hands. Upon the facts reported, it is our opinion that the verdict be set aside, and that a general verdict be entered for the defendant, and that judgment be rendered accordingly.

 [Ludden vs. Leavitt, (ante, 104,) Perley vs. Foster, (ante, 114,) Warren vs. Leland, (post, 265,) the special property and constructive possession seem to have been considered as remaining in the officer after the goods had been delivered over by him to the bailee ; the bailee being considered as his servant. So in Bond vs. Padelford, (13 Mass. Rep. 394,) and Commonwealth vs. Morse, (14 Mass. Rep. 217.) And in Brounell vs. Manchester, (1 Pick. 232,) where the goods attached were delivered to a bailee, and afterwards came into the possession of the debtor, it was held that the officer had such possession as to maintain trespass ’against him who took them from the bailee and delivered them to the debtor. In Lyman vs. Lyman, (11 Mass. Rep. 319,) it was held in an action against the bailee on his promise to deliver the goods attached, that it was not competent for him, or the debtor, to object to the validity of the attachment for want of actual seizure or possession of the goods by the officer. And in Whittier vs. Smith, (11 Mass. Rev. 311,) in a like action, where goods attached had been delivered ,o the bailee, and, before the return day, were demanded to be taken on another suit; and afterwards the first suit was abandoned, and another instituted by the same plaintiff, whereon the goods were attached and sold on execution, which issued on the judgment in that suit; held that these facts furnished no defence to the suit. So in Jewett vs. Tony, (11 Mass. Rep. 219,) it was held, in a like action, that the bailee could not object to the want of seisin or possession by the officer. The only ground, upon which the case of Knap vs. Sprague can be supported, is that stated in Cooper vs. Morey & Al., (16 Mass. Rep. 5,) viz , that “ the officer has no action against the receiptors, if he made no demand of the chattels within thirty days after the judgment, where the goods shall have been in the possession of the debtor.” But such demand has been held not to be necessary, where the debtor has sent the property out of the commonwealth, or where a demand would have been nugatory. — Webster vs. Coffin, 14 Mass. Rep. 196.—See Howard vs. Smith, 12 Pick. 202. — Robinson vs. Mansfield, 13 Pick. 139. —Ed.]